IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. _____

| | |
|---|---|
| SHENZHEN RUOBILIN NETWORK TECHNOLOGY CO., LTD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHANNELADVISOR CORP. and CHANNELADVISOR HONG KONG LTD.,<br><br>Defendants. | NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. § 1446, Defendant ChannelAdvisor Corp. ("ChannelAdvisor"), by and through its counsel Jason M. Wenker and Elizabeth L. Winters of Kilpatrick Townsend & Stockton LLP, files this Notice of Removal, removing the civil action captioned *Shenzhen Ruobilin Network Technology Co., Ltd. v. ChannelAdvisor Corp.*, 22 CVS 013310, from the North Carolina General Court of Justice, Superior Court Division, County of Wake (the "State Court Action") to the United States District Court for the Eastern District of North Carolina. The United States District Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d). As grounds for removal of this action, ChannelAdvisor states as follows:

## BACKGROUND

1. On or about October 26, 2022, Plaintiff Shenzhen Ruobilin Network Technology Co., Ltd. ("Shenzhen") filed a putative class action complaint (*See* Exhibit A), in the North Carolina General Court of Justice, Superior Court Division, County of Wake.

2. The Complaint and Summons were served on ChannelAdvisor on October 31, 2022 via U.S. Mail on its Registered Agent.

3. Plaintiff describes this action as one "under the consumer protection laws and unfair trade practices against Defendant for selling software that erases past history, rankings and products from e-commerce platforms," contending that ChannelAdvisor's "software does the exact opposite of what it promises to do, *i.e.* **decreases rather than increases** the user's marketing presence on e-commerce platforms." (Compl. ¶ 1) (emphasis in original). Based on these allegations, Plaintiff asserts claims for: (1) North Carolina Unfair and Deceptive Practices in Trade or Commerce, N.C. Gen. Stat. §75-1.1 *et seq*.; (2) Negligence; and (3) Unjust Enrichment.

4. The Complaint also purports to assert a class action on behalf of "[a]ll persons or entities headquartered outside of the United States who purchased software product [sic] and services of any kind from ChannelAdvisor Corporation for any e-commerce platform, including, for example, Amazon or eBay." (*Id*. at ¶ 55.)

## CITIZENSHIP OF THE PARTIES

5. A corporation is considered a citizen of (1) every U.S. state where it is incorporated, and (2) the U.S. state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

6. According to the complaint, Plaintiff Shenzhen is a Chinese corporation "based in Shenzhen, China." (*See* Compl. ¶ 15.) Upon information belief, Shenzhen is incorporated in China and has its principal place of business in China, making it a citizen of China for jurisdictional purposes. *See Slavchev v. Royal Caribbean Cruises, Ltd.,* 559 F.3d 251, 254 (4th Cir. 2009) (applying Section 1332(c)(1) to foreign corporations).

7. Defendant ChannelAdvisor Corp. is incorporated under the laws of the State of Delaware and has its principal place of business in Morrisville, North Carolina. (*See* Ex. B, ¶ 3, Declaration of Adam Martin.)

## DIVERSITY JURISDICTION UNDER CAFA

8. Pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), district courts have original jurisdiction over putative class actions with 100 or more putative class members, in which the aggregate amount in controversy exceeds $5,000,000, and any member of the putative class is a citizen of a state different from any defendant. Complete diversity among parties is not required. 28 U.S.C. § 1332(d)(2)(A). CAFA was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 41; *see* H. Rep. 108-144, at 36-37 (2005).

9. ***Covered Class Action.*** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff expressly cites North Carolina Rule of Civil Procedure 23, which is analogous to Federal Rule of Civil Procedure 23. (Compl. ¶ 54.) ChannelAdvisor denies, however, that this case should be certified as a class action, and expressly reserves its right to challenge that issue at the appropriate juncture.

10. ***Class Action Consisting of 100 or More Members.*** Plaintiff alleges that its proposed class "is comprised of dozens, if not hundreds, of members." (Compl. ¶ 57.) Plaintiff also alleges that its class reaches "[a]ll persons or entities headquartered outside of the United States who purchased software product and services of any kind from ChannelAdvisor Corporation for any e-commerce platform, including, for example, Amazon or eBay." (*Id.* at ¶ 55.) Though ChannelAdvisor expressly denies that certification is proper, if certification is granted under the

3

Case 5:22-cv-00483-D-RN    Document 1    Filed 11/30/22    Page 3 of 10

alleged class definition, the action would consist of at least 100 or more putative class members according to information available to ChannelAdvisor. (*See* Ex. B, ¶ 5.) Therefore, again without conceding certification is proper, CAFA's requirement that the putative class consist of at least 100 members is satisfied here. 28 U.S.C. § 1332(d)(5)(B).

11. ***Citizenship of Parties.*** The requisite minimal diversity of citizenship—which requires any plaintiff to be a citizen of a different state than any defendant—exists under 28 U.S.C. §§ 1332(d)(2). Plaintiff Shenzhen is a citizen of China for diversity purposes. (*See* ¶¶ 5–6, *supra*.) By contrast, ChannelAdvisor Corp. is headquartered in North Carolina and incorporated in Delaware, and therefore a citizen of those two states for diversity purposes. (*See* ¶¶ 5, 7, *supra*.) There is no overlap in the citizenships of Shenzhen and ChannelAdvisor Corp.

12. ***Amount in Controversy.*** There is more than $5 million potentially in controversy in this action. Under 28 U.S.C. § 1332(d), the amount in controversy in a putative class action is determined by aggregating the amount at issue of the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). While ChannelAdvisor denies that Plaintiff or any putative class member are entitled to recover in any amount, the Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000.00, exclusive of interest and costs.

13. When "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (citing 28 U.S.C. 1446(c)(2)(A)). To establish the amount in controversy sufficient to remove a putative class action to federal court, a defendant need not submit proof to establish the amount in dispute, but rather "may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 89. Specifically, CAFA's amount in controversy requirement is

satisfied where the proponent of federal jurisdiction provides a good-faith estimate that plausibly explains how the stakes exceed $5 million. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89 ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Scott v. Cricket Commc'ns, LLC,* 865 F.3d 189, 196 (4th Cir. 2017) (a CAFA notice of removal's estimation of the amount in controversy may rely "on reasonable estimates, inferences, and deductions.") The movant may also submit affidavits to aid the Court in making "an independent evaluation as to whether or not the jurisdictional amount is in issue." *Priselac v. Chemours Co.*, 561 F. Supp. 3d 562, 570 (E.D.N.C. 2021).

14. Here, although ChannelAdvisor denies that Plaintiffs are entitled to recover any amount, the Complaint alleges that the named Plaintiff alone has suffered "**millions** of dollars in damages and lost revenue." (Compl. ¶ 12) (emphasis added). That number, if proven, could potentially be trebled under N.C. Gen. Stat. § 75-16. That total by itself could therefore exceed $5,000,000 just for the named Plaintiff without considering a class of over 100 members.

15. Possible attorneys' fees awarded to plaintiff and the putative class also should be included in the amount in controversy analysis where the plaintiff may be entitled to such fees under any statutory claims asserted in the complaint. *Bartnikowski v. NVR, Inc.,* 307 F. App'x 730, 736 (4th Cir. 2009) ("…since the North Carolina statute provides for the recovery of attorneys' fees as a substantive right, they are properly includable in the amount in controversy estimate.") (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933)). Here, although ChannelAdvisor denies that any of Plaintiff's claims are meritorious and denies that attorneys' fees should be awarded to Plaintiff, attorneys' fees *may* be awarded under Plaintiff's North Carolina Deceptive Trade Practices claim. *See* N.C. Gen. Stat. § 75-16.1 ("In any suit

5

Case 5:22-cv-00483-D-RN   Document 1   Filed 11/30/22   Page 5 of 10

instituted by a person who alleges that the defendant violated G.S. § 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the availing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party….") Therefore, the potential fee award to class counsel should be considered in determining the amount in controversy. While this amount is unknown, it is reasonable to expect that Plaintiff and the putative class likely will seek substantial attorneys' fees if they prevail.

16. Because Plaintiff and the putative class seek potentially significant actual damages, treble damages, and statutory attorneys' fees, it is clear from the "the breadth of the damages sought and size of the putative class" that the amount in controversy is in excess of the $5,000,000 CAFA threshold. 28 U.S.C. § 1332(d)(2). *Priselac v. Chemours Co.*, 561 F. Supp. 3d 562, 570 (E.D.N.C. 2021).

17. ***No CAFA Exception Applies.*** ChannelAdvisor does not bear the burden of proof in its Notice of Removal to show that CAFA's exceptions to jurisdiction are inapplicable. *See Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.,* 928 F.3d 325, 335–36 (4th Cir. 2019) ("Under CAFA, the removing party bears the burden of establishing federal jurisdiction over a class action, but the party seeking remand has the burden of proving that one of CAFA's three exceptions to removal applies."). Nevertheless, neither the "home state exception" nor "local controversy exception" to CAFA is applicable here.

18. Under the "home state exception," a district court shall decline jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. 1332(d)(4)(B). Although ChannelAdvisor Corp. is a citizen of North Carolina given its principal place of business here, the home state exception is inapplicable because two-thirds or more of the

members of the proposed plaintiff class are not citizens of North Carolina. As alleged in the complaint, the putative class involves ChannelAdvisor's customers *outside* of the United States.

19. The "local controversy" exception also is inapplicable. The local controversy exception is "'a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole.'" *Westerfeld v. Indep. Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010) (*quoting* S. Rep. No. 109-14, at 39, *reprinted in* 2005 U.S.C.C.A.N. 3, 38). Under the "local controversy exception," a district court shall decline to exercise jurisdiction over a class action in which: (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least 1 defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class, (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (cc) who is a citizen of the State in which the action was originally filed; and (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(i). Moreover, during the three-year period preceding the filing of that class action, no other class action must have been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A)(ii). Although ChannelAdvisor is a citizen of North Carolina given its principal place of business here, the home state exception is inapplicable because two-thirds or more of the members of all of the proposed plaintiff class are not believed to be citizens of North Carolina. As alleged in the complaint, the putative class involves ChannelAdvisor's customers *outside* of the United States.

## PROCEDURAL REQUIREMENTS

20. ***Removal is Timely.*** This Notice of Removal has been timely filed within thirty days of service of the Complaint by ChannelAdvisor on October 31, 2022, pursuant to 28 U.S.C. § 1446(b). Based on review of the official state court file, ChannelAdvisor Hong Kong has also been served, but that entity's consent is not required for a removal under CAFA. *See Bartels by & through Bartels v. Saber Healthcare Grp.*, LLC, 880 F.3d 668, 674 (4th Cir. 2018) ("There is no question that under CAFA, a single defendant can remove a case without the consent of the other defendants.") (citing 28 U.S.C. § 1453(b)).

21. ***Removal To Proper Court.*** The North Carolina General Court of Justice, Superior Court Division, County of Wake is located within the Eastern District of North Carolina, Western Division. 28 U.S.C. § 93(b). This Notice of Removal is therefore properly filed in this Court, pursuant to 28 U.S.C. 1441(a).

22. ***Pleadings and Process.*** Attached hereto as Exhibit A is a copy of all process, pleadings, and orders received in the state court action. 28 U.S.C. § 1446(a).

23. *Notice.* Contemporaneous with the filing of this Notice of Removal, written notice of the filing of this Notice has been delivered to all parties who have appeared in this action, through their counsel of record, and a copy of this Notice will be timely filed with the clerk of the state court in which the action is pending, pursuant to 28 U.S.C. § 1446(d).

24. *Signature.* This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

25. ***Bond and Verification.*** Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

26.     *Non-waiver of Defenses.* By filing this Notice of Removal, ChannelAdvisor does not waive any defenses available to it. And ChannelAdvisor does not admit any of the allegations in the Complaint. ChannelAdvisor expressly reserves the right to contest those allegations at the appropriate time.

27.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and 28 U.S.C. § 1367, and this action therefore may be removed to this Court under 28 U.S.C. §§ 1441, 1446 & 1453.

28.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, ChannelAdvisor respectfully requests the opportunity to submit such additional briefing, argument, or evidence in support of removal as may be necessary.

29.     A copy of this notice of removal is being served on the Clerk of Court of Wake County, North Carolina contemporaneously with the filing of this document, as shown by the notice attached as Exhibit C.

## CONCLUSION

ChannelAdvisor Corp. respectfully removes this action to the United States District Court for the Eastern District of North Carolina, and for such other and further relief to which it may be justly entitled.

Dated: November 30, 2022        Respectfully submitted,

*/s/ Elizabeth L. Winters*
Jason M. Wenker, NC State Bar No. 36076
Elizabeth L. Winters, NC State Bar No. 44918
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email: JWenker@KilpatrickTownsend.com
Email: BWinters@KilpatrickTownsend.com

*Attorneys for Defendant ChannelAdvisor Corp.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served the document upon Plaintiff by depositing a copy thereof in the United States mail, postage prepaid and addressed as follows:

> Deepali A. Brahmbhatt
> 3120 Scott Blvd. #13
> Santa Clara, CA 95054
>
> Timothy Devlin
> Devlin Law Firm LLC
> 1526 Gilpin Ave.
> Wilmington, DE 19806
>
> Gary W. Jackson
> Christopher R. Bagley
> Law Offices of James Scott Farrin
> 555 S. Mangum Street, Suite 800
> Durham, NC 27701
>
> *Attorneys for Plaintiffs Shenzhen Ruobilin Network Technology Co., LTD*

This the 30th day of November 2022.

> /s/ Elizabeth L. Winters
> Elizabeth L. Winters, NC State Bar No. 44918
> KILPATRICK TOWNSEND & STOCKTON LLP
> 1001 West Fourth Street
> Winston-Salem, North Carolina 27101-2400
> Telephone: (336) 607-7300
> Facsimile: (336) 607-7500
> Email: BWinters@KilpatrickTownsend.com
>
> *Attorney for Defendant ChannelAdvisor Corp.*